Tbe opinion of tbe Court was delivered by
Johnston, Ch.
Tbe bill was originally exhibited against tbe defendant, Jobn Davis, alone. A note bad been given by ■tbe firm of Lipford & Davis, (consisting of Jobn C. Lipford, and tbe said Jobn Davis,) for seventeen hundred dollars, and payable tbe 1st of January, 1856 ; and to secure tbe payment of tbe money, Davis bad mortgaged a small messuage which be owned in tbe suburbs of Chester. Tbe object of tbe bill was to foreclose this mortgage, sell tbe premises, and apply tbe proceeds to tbe payment of this debt,
Davis having failed to put in a defence, an order pro confesso, bad been taken against him.
Under these circumstances be, through bis counsel, moved to set aside tbe order, under the '36th rule of Court; (1 Des. Rep. 62;) which, so far as it is necessary to quote it, is in tbe following words:
*39 “ For the Country. Tbe bill being taken pro confesso, “ tbe order tberefor can be set aside only where tbe defend- “ ant shall apply for tbe same on tbe first day of tbe meeting “of tbe Court, and shall have previously filed, or, on making “ such application, shall produce a full and explicit answer, “ or plea, with a brief for tbe Court, and shall docquet tbe “cause for hearing at such Court; and submit to anj further “ conditions the Court may impose.”
On moving to set aside the order pro confesso, the defendant Davis produced and filed what was termed demurrer, setting out that the firm of Lipford & Davis was primarily liable, and Davis only secondarily, as a surety, and insisting that Lipford should be made party defendant the bill. On argument, the Court set aside the order pro confesso, and gave the plaintiffs leave to amend their bill, by making Lipford a defendant, on payment of costs. It was stated that the amendment would be made, and Lipford’s answer put in by next morning, (which was done, admitting the debt,) and that plaintiffs would insist on a bearing during the term: and the Court indicated that Davis must be ready.
“When tbe case was called again, which was towards tbe close of tbe sittings, Mr. Thomson, Davis’ counsel, insisted, that bis client was entitled to thirty days to put in bis answer, and stated that be bad so instructed him, and be bad left tbe Court. Tbe Court, thereupon, ordered tbe order pro confesso against Davis to be restored, and sent tbe case to tbe commissioner to ascertain and report tbe debt due tbe plaintiffs, and on tbe coming in of bis report, decreed payment of tbe debt by tbe firm by a given day, and failing such payment, that tbe mortgaged premises be sold, and tbe proceeds applied as in cases of mortgage: and also directed an account between tbe partners, in which Davis should have credit for tbe amount thus raised from bis property.
Tbe appeal is by Davis from this decree: and by mere indulgence bis counsel has been permitted to argue it without *40 bringing up a copy of tbe decree — tbe foregoing having been agreed upon as tbe substance of wbat it contains.
It is surely unnecessary to repeat bere, wbat bas been so often announced: — that this defendant having allowed tbe bill to be taken as confessed, was subject to tbe discretion of tbe Court as to tbe terms of bis defence. Tbe 36th rule is explicit to this effect. It was held in Meek vs. Richardson, (a) that tbe rules of Court,'while they are to be generally observed, where no special equity calls for a deflection, are, nevertheless, subject to tbe discretion of tbe Court, to be so moulded as to meet tbe exigencies of cases, and promote tbe ends of justice: and in Wilson vs. Waterman, (b) it was said, that “where a party defendant bas permitted a bill to be taken pro confesso, be bas subjected himself to the discretionary power of tbe Court: and he should not be relieved from this condition, in which he has voluntarily placed himself, without coming up to wbat tbe merits of tbe case and convenient practice require.”
There is enough in tbe thirty-sixth rule to shew that a party let in to defend himself after judgment against him by default, is ■ not captiously to throw any impediment in tbe way of a bearing at tbe first term, but is bound, unless there be some just (not merely technical) objection, to come to trial.
If Davis had disclosed by affidavit, any defence which be could not make at tbe time, or any reason why he could not put in bis answer to tbe amended bill; be might have been entitled to pass tbe term. But to insist that he had a right, in tbe face of bis own prior default, and from which be was relievable only upon terms, to postpone a decree upon the merits, was simply preposterous. Under tbe circumstances, all that he could justly ask was that his plea stand for an answer; and this advantage be bas bad.
It is argued that by bis mortgage be was a mere surety *41 for tbe debt of bis firm; and bad a right to require tbe creditor to take bis decree against tbe firm, and pursue it to insolvency, before asking satisfaction under tbe mortgage. There would seem to be more ground for such a pretension where tbe principal debtor is a stranger to tbe surety, than where, as in this case, tbe surety, is himself, also a principal. But in Goodwyn vs. State Bank,(a) it was held that tbe creditor is not to be delayed in bis remedy against bis debtor, on tbe ground that some collateral security, intended for tbe creditor’s benefit, is entangled, and in controversy among tbe debtors, themselves.
In tbe present case, this defendant has all tbe benefit of a decree against tbe partnership firm, and of an account between tbe partners, with a right to recoup for tbe amount which under bis mortgage be may pay for them: and what more would be have ?
It is ordered that tbe decree be affirmed and tbe appeal dismissed.
Dunkin and Wardlaw, CC., concurred.
Dargan, Ob., absent at tbe bearing.

Appeal dismissed.

 4 Rich. Eq. 91.

6) 6 Rich. Eq. 272.

 4 Des. 389.